Nicholas Fitzgerald, Esq.   NF/6129
Fitzgerald & Associates, P.C.
649 Newark Avenue
Jersey City, NJ 07306
(201) 533-1100
Counsel for Appellant
UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

---

In Re:
Justo Londono

and

Barbara Londono

Debtors.

Case No:   11-17370
Adv. Pro. No.:   11-01770
Civil Case No: 2:11-cv-06831-SDW

The Hon. Susan D. Wigenton,
United States District Court Judge,
District of New Jersey

---

FIA Card Services, N.A.
(F.K.A. MBNA America Bank, N.A.)
　　　　　　PLAINTIFF


　　　　　　　-against-


Barbara M. Londono

　　　　DEFENDANT

On Appeal from:
United States Bankruptcy Court
District of New Jersey

Sat Below:
U.S. B. J.
Morris S. Stern

CHAPTER 7 CASE

---

## BRIEF FOR APPELLANT

---

On the Brief:
**Nicholas Fitzgerald,Esq.**
**Lauren Yassine, Esq.**
FITZGERALD & ASSOCIATES
649 Newark Ave
Jersey City, NJ 07306
(201) 533-1100
Fax : (201) 533-1111
Email: nickfitz.law@gmail.com
Email: laurenyassine.esq@gmail.com

## TABLE OF CONTENTS

Table of Authorities ....................................................................iii

Statement of Facts ....................................................................1

Issue ....................................................................2

Summary of Argument ....................................................................3

Argument ....................................................................3

    A) FIA cannot meet its burden of proving that it had a substantial justification for filing its adversary complaint..............................................................3

       i) FIA failed to conduct any pre-filing investigation of its claim prior to initiating the adversary proceeding....................5

       ii) FIA's claim lacked any reasonable basis in either law or fact..............................................8

    B) A finding of bad faith is not required under the "substantial justification" standard, which is a purely objective standard ...................................11

    C) The purpose of 523(d) is to deter creditors from bringing or continuing unmeritorious claims ....................................................................13

Conclusion ....................................................................15

Table of Authorities

**Cases:**

AT&T Universal Card Servs. Corp. v. Jenkins (In re
Jenkins), 225 B.R. 29, 32 (Bankr. D. Conn. 1998)
.............................................................................4

FIA Card Servs., N.A. v. Flowers (In re Flowers), 391 B.R.
178 (M.D. Ala. 2008)
..........................................................................4, 9

In re Cloud, 107 B.R. 156 (N.D. Ill. 1989)
.......................................................................4, 10

AT&T Universal Card Servs. Corp. v. Williams (In re
Williams), 224 B.R. 523 (B.A.P. 2d Cir. Conn. 1998)
......................................................................4, 5, 12

Bank of Am. v. Miller (In re Miller), 250 B.R. 294, 297
(Bankr. E.D. Ky. 2000)
.............................................................................6

Chase Bank USA v. Landry (In re Landry), 2009 U.S. Dist.
LEXIS 29927, 5-6 (E.D. Wis. Apr. 7, 2009)
.............................................................................6

People's Bank v. Poirier (In re Poirier), 214 B.R. 53,
(Bankr. D. Conn. 1997)
.........................................................4, 7, 11, 12, 14

American Sav. Bank v. Harvey (In re Harvey), 172 B.R. 314
(B.A.P. 9th Cir. 1994)
............................................................................12

**Statutes:**

11 U.S.C §523(a)(2)
...................................................3, 6, 9, 12, 15

11 U.S.C §523(d)
...................................2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15

iii

## STATEMENT OF FACTS

On March 12, 2011, the debtors Justo and Barbara
Londono, filed for Chapter 7 Bankruptcy relief.  Among the
debts listed on schedule F of their petition was a credit
card debt in the amount of $14,435.00, owed to FIA Card
Services, N.A., a subsidiary of Bank of America (hereafter,
"appellee").

Ms. Londono (hereafter "debtor-appellant") received a
letter dated March 29, 2011 from Weinstein and Riley on
behalf of the appellee indicating that it believed that the
charges made on the FIA card were fraudulently incurred,
and that it was considering filing an adversary proceeding
to contest the discharge of that debt.

The appellant, through her attorney, responded to that
letter on April 8, 2011, with a sworn certification
explaining that she made the charges in good faith, but
intervening circumstances beyond her control made repayment
impossible.  The bulk of the debt at issue was an $11,000
cash advance taken out over six months prior to the filing
of the bankruptcy case.  The debtors, an elderly couple,
had used this money to pay their mortgage and other
consumer debts, including multiple debts to Bank of
America, which owns FIA Card Services.  They had planned to

1

repay this advance through their future earnings, but then their income was drastically reduced when the debtor-appellant's husband was forced by illness to stop working.

No answer to this letter was ever received prior to the filing of the complaint, and the appellee conducted no discovery.  The appellee did not appear at the creditors' meeting on April 11, 2011, nor did it depose the debtor-appellant by way of an examination in accordance with Bankruptcy Rule 2004.

The debtor-appellant filed an answer to the complaint on May 10, 2011 and then a motion for summary judgment on August 19, 2011.  A hearing was held on the motion for summary judgment on October 11, 2011.

At that hearing, the bankruptcy court granted summary judgment in favor of the debtor-appellant, and denied the debtor-appellant's request for legal fees pursuant to 11 U.S.C. §523(d). It is from this denial of legal fees pursuant to 11 U.S.C. §523(d) that the debtor-appellant now appeals.

<u>ISSUE</u>

Whether the Bankruptcy Court erred in denying the debtor-defendant's demand for legal fees pursuant to 11 U.S.C. §523(d) of the Bankruptcy Code where the uncontested facts as revealed through a motion for summary judgment

showed that the creditor-plaintiff was not substantially justified in commencing and pursuing its complaint pursuant to Section 523(a) of the Bankruptcy Code and where no special circumstances exist which would have made an award of legal fees unjust.

SUMMARY OF ARGUMENT

The appellee, FIA Card Services, N.A. should be liable for legal fees pursuant to 11 U.S.C. §523(d) when it pursued a nondischargeability action against the debtor in a case where it had conducted no pre-filing investigation, provided no legal or factual basis for its claim, and asserted a claim so weak that it could not even withstand a motion for summary judgment.

ARGUMENT

**A) FIA cannot meet its burden of proving that it had a substantial justification for filing its adversary complaint.**

Section 523(d) provides that in the event a debtor prevails in defending a dischargeability proceeding related to a consumer debt under Section 523(a):

> the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fees for, the proceeding if the court finds that the position of the creditor was not substantially justified…

Once a debt is found to be dischargeable, the burden then shifts to the creditor to establish that its position

3

was substantially justified.  *See: AT&T Universal Card Servs. Corp. v. Jenkins (In re Jenkins), 225 B.R. 29, 32 (Bankr. D. Conn. 1998);  AT&T Universal Card Servs. Corp. v. Williams (In re Williams), 217 B.R. 387, 388-89 (Bankr. D. Conn. 1998) (quoting People's Bank v. Poirier (In re Poirier), 214 B.R. 53, 57 (Bankr. D. Conn. 1997)).*

Courts have fashioned a variety of tests to determine whether the initiation of an adversary proceeding is substantially justified.  Some courts focus on the extent of a creditor's pre-filing investigation into its claims. Under this framework, the plaintiff must "…conduct some kind of pre-filing investigation to determine whether there was evidence to support…" the allegation of fraud, in order to be substantially justified.  *FIA Card Servs., N.A. v. Flowers (In re Flowers), 391 B.R. 178, 183 (M.D. Ala. 2008).*  Similarly, courts have found that §523(d) is "not satisfied by a proper motive, but requires the creditor to review its legal position before filing suit to determine if it is substantially justified."  *In re Cloud, 107 B.R. 156, 159 (N.D. Ill. 1989).*

The Second Circuit, meanwhile, has developed a three-part test to determine substantial justification. "The three criteria include: (1) a reasonable basis in law for the theory it propounds; (2) a reasonable basis in truth

for the facts alleged; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *AT&T Universal Card Servs. Corp. v. Williams (In re Williams)*, 224 B.R. 523, 531 (B.A.P. 2d Cir. Conn. 1998).

Regardless of which framework is used, FIA simply cannot meet its burden of proving that it was substantially justified in filing its adversary complaint.

i) **FIA failed to conduct any pre-filing investigation of its claim prior to initiating the adversary proceeding**

The appellee clearly does not meet the requirement of pre-filing due diligence. In fact, the appellee conducted absolutely no pre-filing investigation whatsoever, apart from "reviewing" its own internal records. Even after the debtor-appellant provided a sworn certification of her good faith intent to repay her debt, and an explanation of the intervening circumstances that made repayment impossible, appellee conducted no further investigation to determine whether the evidence supported its claim before initiating the adversary proceeding. The appellee did not attend the meeting of creditors, nor did it conduct a deposition in accordance with Bankruptcy Rule 2004 – two factors courts consider strongly when determining whether a creditor has

met the requirement of pre-filing investigation. As one court aptly noted:

> The record in this case reveals that the plaintiff did not attend the 341 meeting, nor did it attempt to schedule a Rule 2004 examination … Either one of these actions would have provided information concerning "material facts." The plaintiff did not concern itself with potential material facts until after it filed and pursued this adversary proceeding. … Creditors who challenge the dischargeability of debts based on the fraud exception contained in 11 U.S.C. § 523(a)(2)(A) are well advised to consider whether they can offer facts which can support a finding of fraud … A minimal amount of pre-filing investigation might have resulted in a better decision on the part of the plaintiff concerning the filing and pursuit of this adversary proceeding.

*Bank of Am. v. Miller (In re Miller)*, 250 B.R. 294, 297 (Bankr. E.D. Ky. 2000)[1] In the instant case, the bankruptcy court judge was reluctant to award fees under Section 523(d) where he believed that there were "sparks" of misconduct by the debtor. However, the case law makes clear that the initial appearance of such sparks is not a sufficient basis for initiating and adversary proceeding. Rather the existence of "sparks" should cause a creditor to conduct an investigation into whether those sparks are proof of something more. Further, even if the appellee

---

[1] See also: *Chase Bank USA v. Landry (In re Landry)*, 2009 U.S. Dist. LEXIS 29927, 5-6 (E.D. Wis. Apr. 7, 2009). "Unless Congress changes the law, creditors seeking to exclude debts from discharge will need actual 'evidence' of fraud, rather than bare inferences drawn from spurious purposes."

reasonably believed there were "sparks of fraud" when it sent its initial March 29 letter, those sparks were completely extinguished when the debtor-appellant responded with her certification and offer of documentation.

Courts take seriously a creditor's duty to fully investigate its position, and creditors ignore this duty at their peril. Even in cases where a creditor has a much stronger initial basis for its belief that a debtor acted with fraudulent intent, if it could have discovered that a debtor acted in good faith by less cost-intensive methods than an adversary proceeding, the creditor may still be liable for legal fees under Section 523(d). An example of this is *People's Bank v. Poirier*, where the court found that the evidence as presented by the creditor was sufficient to infer fraudulent intent, but nonetheless awarded legal fees to the debtor where it determined that had the creditor conducted a 2004 examination, it would have discovered that its position was not substantially justified:

> Such an examination could have been conducted in this case at any time between the filing of the petition and the bar date for filing a complaint objecting to the dischargeability of debts. That bar date itself could have been extended on timely motion of the Plaintiff thereby providing ample opportunity for the Plaintiff to ascertain substantial justification for its claim. ***In view of the "substantial justification" language of***

*Section 523(d), a plaintiff ignores at its peril the availability and benefit of witness examination devices.*

*People's Bank v. Poirier (In re Poirier)*, 214 B.R. 53, 58-59 (Bankr. D. Conn. 1997)(emphasis added).

**ii)  FIA's claim lacked any reasonable basis in either law or fact**

Further, it is clear from the record that the appellee's argument lacked any reasonable basis in law or fact.  The complaint filed by FIA was so minimal as to barely even state a claim.  It listed only the amounts of charges made by the debtor-appellant, and the assertion that the debtor was insolvent at the time the charges were made, though it did not allege a single fact to support that assertion.  From there, the complaint made the unsupported leap from the allegation of insolvency to the conclusion of fraudulent intent.

The appellee failed to put forth any further justifiable basis for its claim in either its answer to the debtor-appellant's summary judgment motion, or in oral argument at the hearing for that motion.  The fact that the adversary complaint could not even withstand a motion for summary judgment – where all facts in dispute are presumed

to favor the non-moving party - is proof in and of itself that it was not substantially justified.

Courts have held that even where a creditor raises a novel or disputed legal issue, an award of fees under 523(d) is warranted unless the facts it puts forth would be sufficient to support that position if the court accepted it. For example, in the case of *FIA Card Servs., N.A. v. Flowers (In re Flowers)*, the court opined:

> FIA seems to be arguing that it's suit is substantially justified because it wished to challenge Roddenberry, the case under which Flower's debt is dischargeable ....
> While FIA certainly has a right to challenge Roddenberry, it does not have a right to bring a claim that is otherwise not substantially justified. Because of FIA's utter failure to adduce evidence demonstrating Flower's intent to defraud under any reasonable theory, it has not shown its suit to be substantially justified...

*FIA Card Servs., N.A. v. Flowers (In re Flowers)*, 391 B.R. 178, 183 (M.D. Ala. 2008). Similarly, in the present case, even if the appellee had raised a legitimate legal basis for its action, it unquestionably lacked the facts to support it. At the hearing on the motion for summary judgment the bankruptcy court judge found that "all of the objective factors are on the … moving party defendant debtor['s] side." *Transcript of Record at 2-19.*

In the vast majority of cases under Section 523(a) where a court grants summary judgment in favor of the debtor, there is also an award of fees pursuant to 523(d). However, in the rare instance that a court declines to award fees after granting summary judgment, it is due to there being substantial factual evidence put forth by the creditor in its adversary complaint. This type of case is exemplified by the facts of *First National Bank of Lincolnshire v. Cloud*. In finding that legal fees were not warranted pursuant to 523(d) the court noted that the creditor in that case put forth substantial evidence to support its assertion of fraudulent intent:

> Lincolnshire submitted a statement of facts based on uncontested documentary evidence, including Cloud's eighteen monthly credit card statements. Cloud's credit card statements show that she failed to make the minimum payment during eight of eighteen months. Although Cloud had an annual income of only $14,000, she used sixteen credit cards with accumulated monthly installment debt of twice her income. In addition, Cloud made luxury purchases with her credit cards and continued to charge even during months she could not make her minimum payments. Cloud filed for bankruptcy less than two months after making her last charge on her Lincolnshire card. ***While the bankruptcy court may have reasonably concluded that this is not clear and convincing evidence of intent to deceive, the evidence presented was not so insignificant that Lincolnshire could not clearly meet its burden of proof.***

10

*In re Cloud,* 107 B.R. 156, 160 (N.D. Ill. 1989). *(emphasis added).* In the present case, the appellee put forth no such evidence. It merely stated the amount of the charges made, and asserted that the debtor was insolvent at the time of those charges. The appellee puts forth no evidence to support this assertion. Meanwhile, the debtor-appellant provided the appellee with a sworn certification of her intent to repay, along with a reasonable and credible explanation of the circumstances making repayment impossible. Further, the only documentary evidence put forth by the appellee in this case is the debtor-appellant's credit card statements. Unlike in the *Cloud* case, these statements show that the debtor-appellant lived frugally, purchased nothing but necessities, always made timely monthly payments, and immediately ceased to use her card when it became apparent that she would be unable to repay her debts.

**B) A finding of bad faith is not required under the "substantial justification" standard, which is a purely objective standard**

It is important to note here that the bankruptcy court judge in the present case never held that the appellee demonstrated a substantial justification for filing its complaint. Instead, in denying legal fees under Section

11

523(d), the bankruptcy judge noted multiple times that awarding legal fees would require him to find that the appellee acted in bad faith in pursuing its claim. However, this is a misstatement of the standard. As discussed above, a creditor need only lack a substantial justification for bringing or continuing its action to warrant an award of fees.  The court need not consider a creditor's subjective intent, which is irrelevant.  As the court in *People's Bank v. Poirier* explains:

> Section 523(d) can require the payment of fees by a creditor irrespective of the creditor's actual intent in commencing and/or continuing a Section 523(a)(2) action. In other words, a creditor can be liable for fees and costs under Section 523(d) even if it innocently prosecuted a substantially unjustified dischargeability complaint. This is appropriate given the statute's deterrent purpose and the difficulty of proving intent by direct evidence.

*People's Bank v. Poirier (In re Poirier)*, 214 B.R. 53, 56 (Bankr. D. Conn. 1997)  See also:  *AT&T Universal Card Servs. Corp. v. Williams (In re Williams)*, 217 B.R. 387, 389 (Bankr. D. Conn. 1998)  ("The court need not find that the plaintiff acted in bad faith or frivolously – only that the plaintiff proceeded past a point where it knew, or should have known, that it could not carry its burden of proof."); *American Sav. Bank v. Harvey (In re Harvey)*, 172 B.R. 314, 317 (B.A.P. 9th Cir. 1994)  ("Bad faith is not a

requirement under Section 523(d).") The case law makes clear that a creditor's subjective intent simply does not enter the equation when determining whether an award of legal fees is appropriate under Section 523(d).

In the instant case, the appellee failed to meet its burden of proving that it had a substantial justification for initiating the adversary proceeding. The bankruptcy judge found that the appellee possessed neither a legal nor factual basis to even proceed to trial on the merits. Beyond this, whether the appellee acted in good or bad faith is irrelevant. Because the appellee's action lacked an objective substantial justification, an award of legal fees is warranted pursuant to Section 523(d).

**C) The purpose of 523(d) is to deter creditors from bringing or continuing unmeritorious claims**

Admittedly, the substantial justification standard places a higher burden on creditors, but this is exactly the intent of the statute. The purpose of Section 523(d) is to deter creditors from beginning or continuing unmeritorious dischargeability claims. The justification for this is well-stated by the court in *Peoples Bank v. Poirier*:

> In enacting Section 523(d) Congress recognized the usual wide disparity in litigation resources possessed by creditors and consumer debtors; a fact that might be exploited by unscrupulous or

13

> reckless creditors.    Such creditors may be
> tempted to bring or continue untenable
> dischargeability cases simply to "scare up" an
> installment-type settlement from a cash-poor
> debtor.   Debtors are frequently unable to fund an
> adequate defense in such cases, and, therefore,
> may be inclined to agree to the
> nondischargeability of a debt in a reduced
> amount, rather than funding the current costs of
> defending litigation.

*People's Bank v. Poirier (In re Poirier)*, 214 B.R. 53, 55

(*Bankr. D. Conn.* 1997).

The *Poirier* court was understandably concerned about

disparity of resources between debtors and creditors.

Currently, the vast majority of nondischargeability cases

settle.  For bankruptcy debtors it is simply impossible to

come up with a large sum of money all at once to defend

these actions. In noting this reality, the bankruptcy judge

in the present case stated, "Poor people are unfortunately

that". *Transcript of Record at 9-8.*

It is precisely because of this economic reality –

that poor people lack resources – that the substantial

justification standard of Section 523(d) is so stringent.

If a debtor is not entitled to legal fees in a case such as

this – where the creditor conducted no pre-filing

investigation, provided no legal or factual basis for its

claim, and put forth a case so weak that it could not even

withstand a motion for summary judgment – then for all

14

practical   purposes,   most   debtors   will   not   have   the
resources to defend these cases.

CONCLUSION

The   bankruptcy   court   erred   in   holding   that   a   finding
of bad faith was necessary to award legal fees pursuant to
11 U.S.C §523(d).   The "substantial justification" standard
is a purely objective standard, and the undisputed facts of
this   case   make   clear   that   the   appellee   was   not
substantially   justified   in   initiating   an   adversary
proceeding under 11 U.S.C. §523(a)(2).   Since the appellee
has not met its burden of proof, no special circumstances
exist, and the legislative intent favors an award of legal
fees,  this  Court  should  award  §523(d)  legal  fees  to  the
debtor.


Date:   December 6, 2011

Respectfully Submitted,


Nicholas Fitzgerald

15