IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Case No. 11-CV-06831-SDW

BARABARA LONDONO,

Appellant

v.

FIA CARD SERVICES, N.A.

Appellee.

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

-----------------------------------------------------------------------------------------------------------
**APPELLEE'S BRIEF**
-----------------------------------------------------------------------------------------------------------

**KENNETH S. JANNETTE**
**WEINSTEIN & RILEY, P.S.**
14 Penn Plaza, Suite 1300
New York, New York 10122
Telephone:  (212) 268-9562
Facsimile:   (646) 478-9370

ATTORNEY FOR APPELLEE
FIA CARD SERVCIES, N.A.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES………………………………………………….....................i
JURISDICITONAL STATEMENT…………………………………………...............iii.
ISSUE PRESENTED .................................................................................................iii.
STATEMENT OF FACTS ............................................................................................1
STANDARD OF REVIEW………………………………………………….................3
ARGUMENT……………………………………………………………...……………4
CONCLUSION……………………………………………………………………...11

# **TABLE OF AUTHORITIES**

Pierce v. Underwood,
487 U.S. 552, 559, 108 S.Ct. 2541 (1988)……………………………………………….. ..3, 5

AT&T Universal Card Corp. v. Duplante,
215 B.R. 444 (Bankr. App. 9th Cir. 1997)……………………………………….………10

AT&T Universal Card Services, Corp. v. McIvor,
1997 WL 749425 (E.D.Pa. 1997)……………………………………………………..5, 9

AT&T Universal Card Services v. Williams,
224 B.R. 523 (Bankr. App. 2d Cir. 1998)………………………………………..……………4

Bank One Columbus v. McDonald,
177 B.R. 212 (Bankr. E.D. Pa. 1994)………………………………………………..…...6

In re Bulei,
2011 WL 3800121  (Bankr. D.S.C. 2011)………………………………………………..5

Chase Bank USA, N.A. v. Ritter,
404 B.R. 811 (Bank. E.D. Pa. 2009)……………………………………………………..5

In re Cirineo,
110 B.R. 754 (Bankr. E.D. Pa. 1990)……………………………………………………7

Crowe v. Moran,
413 B.R. 168  (Bankr. D. Del. 2009)……………………………………………….…..5

Cruz v. Cohen,
185 B.R. 171 (Bankr. D.N.J. 1992)……………………………………………………….6

Household Bank, N.A. v. Sales,
228 B.R. 748  (Bankr. App. 10th Cir. 1999)……………………………………………..4

Household Card Services v. Vermillion,

136 B.R. 225 (Bankr. W.D. Mo. 1992)……………………………………………………..…7

Hunt v. Calvin,
238 F.3d 1098 (9th Cir. 2001)…………………………………………………………….........4

In re Lesniewski,
246 B.R. 202 (Bankr. E.D. Pa. 2000)……………………………………..………….. …5

In re Schroeder,
2006 WL 4452975 (Bankr. D.N.J. 2006)………………………………………………..…7

In re Melcher,
322 B.R. 1 (Bankr. D. Dist. Col. 2005)…………………………………….…………..…9

Signet Bank, N.A. v. Leslie,
1992 WL 212196 (E.D. Pa. 1992)…………………………………………………….……..5

Trump Plaza Associates v. Poskanzer,
143 B.R. 991 (Bankr. D.N.J. 1992)…………………………………………………………….6

In re Way, 260 B.R. 291
(Bankr. M.D. Fla. 2000)………………………………………………………………………10

## STATUTES

15 U.S.C. § 523(a)(2)(A)………………………………………………………………….. *passim*

15 U.S.C. § 523(d)…………………………………………………………………………….. *passim*

## JURISDICITONAL STATEMENT

This Court has jurisdiction to adjudicate this appeal under 28 U.S.C. § 1334 and 28 U.S.C. § 158.

## ISSUE PRESENTED

Whether The United States Bankruptcy Court for The District of New Jersey abused its discretion in holding Appellee's complaint was substantially justified, where it found Appellant's insolvency and evidence she engaged in a scheme to pay mortgage with borrowed funds shortly before bankruptcy made Apelles's allegations of fraud reasonable and substantially justified.

## STATEMENT OF FACTS AND
## PROCEEDINGS RELEVANT TO THIS APPEAL

On March 12, 2011, Barbara M. Londono ("Appellant") filed a joint petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code ("Code").  See Dkt. No. 1, Case. No. 11-17370-MS, (Bankr. D.N.J. 2011).

On May 9, 2011 FIA Card Services, N.A. ("Appellee" or "FIA") commenced an adversary proceeding by filing a complaint to object to the discharge of certain debt ("Complaint").  See Dkt. No. 1, Case. No. 11-17370-MS, (Bankr. D.N.J. 2011).

On May 10, 2011 the Appellant filed an answer ("Answer") to the complaint, denying its material allegations.  See Dkt. No. 1, Case. No. 11-17370-MS, (Bankr. D.N.J. 2011)

From August 27, 2010 through December 26, 2010, Appellant incurred debt totaling $13,733.00 using her account with Plaintiff numbered xxxx-xxxx-xxxx-6679 ("Account").

Appellant was liable for unsecured debt totaling $60,708.00 during that time period.  See Def.'s Bankr. Pet., at Sch. F.  Also at that time, Appellant's bankruptcy petition stated that her household income after expenses was negative $1,252.00 per month.  See Def.'s Bankr. Pet., at Sch. J.

Servicing the amount of unsecured debt Appellant's had pre-bankruptcy would have required payments of $1,300.00 per month at customary interest rates.  See http://www.bankrate.com/finance/news/credit-cards/interest-rates-120111.aspx (viewed December 17, 2011).

Appellant's bankruptcy petition stated that she jointly owned a home at 101 Western Avenue, Jersey City ("Western Avenue Property") with a value of $141,800.00.  See Def.'s

iv

Bankr. Pet., at Sch. A.  It also stated that there was a mortgage encumbering this property in the amount of $208,693.00.  Id.

Appellant's bankruptcy petition stated that she would retain the Western Avenue Property after receiving a bankruptcy discharge.  See Def.'s Statement of Intentions, Dkt. No. 1, Case No. 11-17370-MS; Certification of No Objection re: Abandonment, Dkt. No. 12.

Appellant's total household income for 2009 was $51,970.00  See Def.'s Bankr. Pet., St. Fin. Aff.

`	On October 11, 2011, the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") held a hearing on Appellant's Motion for Summary Judgment and for attorney's fees under 11 U.S.C. § 523(d).

The Bankruptcy Court denied Appellant's motion for fees under 11 U.S.C. § 523(d), and held, with regard to the Complaint that "it's a good faith pleading and a good faith defense to the motion."  See Def.'s Mot. Sum. Judg. Hrg. Transcr., 3:15  (Oct. 11, 2011).

Appellant requested that the Bankruptcy Court "lay out why [it] felt fees were not appropriate in this case."  Id. at 3:20.

The court made specific findings in this regard, and held that "[t]here were some bases for the filing of the complaint."  Id. at 6:3.

It stated:

> I give [Plaintiff] credit for trying to develop an argument on trading dollars… where someone borrowed $11,000.00 six months before or five months before consulting bankruptcy counsel, which is really the fact, and a statement in their petition saying they intended to keep the house.  So, there were some sparks in there that weren't necessarily all debtor positive.

*	*	*

> [Plaintiff's] effort to collect… I don't view as a bad faith effort…
> I'm not going to discipline counsel for his zealous representation
> of his client where there are sparks.

Id. at 2:13, 6:6, 7:2.

## **STANDARD OF REVIEW**

Courts review a bankruptcy judge's determination that a complaint was substantially justified under 11 U.S.C. § 523(d) for an abuse of discretion. Pierce v. Underwood, 487 U.S. 552, 559, 108 S.Ct. 2541 (1988). See also AT&T Universal Card Services v. Williams, 224 B.R. 523, 528 (Bankr. App. 2d Cir. 1998) (Holding that the Supreme Court's application of abuse of discretion standard to "the term 'substantially justified' in the context of a fee award under the Equal Access to Justice Act" also applies under 11 U.S.C. § 523(d).)

"The abuse of discretion standard is appropriate because some of the elements that bear upon whether the [creditor's] position was substantially justified may be known only to the [bankruptcy court]." Williams, 224 B.R. 523, 528. See also Hunt v. Calvin, 238 F.3d 1098, 1101 (9th Cir. 2001) ("[A]n award of attorney's fees pursuant to § 523(d)… are reviewed for abuse of discretion."); Household Bank, N.A. v. Sales, 228 B.R. 748, 752 (Bankr. App. 10th Cir. 1999).

In Williams, The United States Court of Appeals for the Second Circuit Bankruptcy Appellate Panel examined the record of Congress' enactment of 11 U.S.C. §523(d), and held that abuse of discretion was the correct standard. It held:

> The Senate Report to § 523(d) specifically states: The Committee, after due consideration, has concluded that amendment to this provision to incorporate the standard for award of attorney's fees contained in the Equal Access to Justice Act strikes the appropriate balance between protecting the debtor from unreasonable challenges to dischargeability of debts and not deterring creditors from making challenges when it is reasonable to do so.

3

Williams, 224 B.R. 523, 529.

Courts in the Third Circuit have also held that abuse of discretion is the proper standard. AT&T Universal Card Services, Corp. v. McIvor, 1997 WL 749425, at *2 (E.D.Pa. 1997). See also Signet Bank, N.A. v. Leslie, 1992 WL 212196, at * 2 (E.D. Pa. 1992).

This is a very high standard. The United States Supreme Court has held that "deference… is the hallmark of abuse-of-discretion review." General Elec. Co. v. Joiner, 522 U.S. 136, 143, 118 S.Ct. 512, 518 (1997). See also Monsanto Co. v. Geertson Seed Farms, 130 S.Ct. 2743, 2766 (2010) ("[D]eference… we have explained, is the hallmark of abuse-of-discretion review.") (internal quotations omitted); Kucana v. Holder, 130 S.Ct. 827, 834 (2010); Dewalt v. Sullivan, 963 F.2d 27, 28 (3d Cir.1992).

Here, the Bankruptcy Court carefully examined the complaint and the facts of the case. It held that an award of attorney's fees under 11 U.S.C. § 523(d) was inappropriate. Because, as discussed in Sections I.A. I.B., *infra*, it did not abuse its discretion, this court should show deference to its holding. It should not be disturbed.

### I. ARGUMENT

"[A] position can be justified even though it is not correct, and… it can be substantially ... justified if a reasonable person could think it correct." Pierce, 487 U .S. 552, at 566 n.2, 108 S.Ct. 2541.

Substantial justification "can be found if the creditor has shown a reasonable basis for facts asserted; a reasonable basis in law for legal theory proposed; and support for the legal theory in facts alleged." In re Nicolai, 2007 WL 485990, at *1 (Bankr. D.N.J. 2007). See also Chase Bank USA, N.A. v. Ritter, 404 B.R. 811, 832 (Bank. E.D. Pa. 2009); Corso v. Walker, 439 B.R. 854, 862 (Bankr. W.D. Pa. 2010); Crowe v. Moran, 413 B.R. 168, 190 (Bankr. D. Del.

4

2009).

This standard "means justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Pierce, 487 U.S. 552, 553, 108 S.Ct. 2541, 2553.

"Most naturally conveyed by the phrase substantially justified is not justified to a high degree, but rather justified in substance or in the main, or… justified for the most part." In re McCarthy, 243 B.R. 203, 208 (1st Cir. 2000) (Internal citations omitted).

An award of fees under 11 U.S.C. § 523(d) requires "something more than merely prevailing." In re Lesniewski, 246 B.R. 202, 217 n. 31 (Bankr. E.D. Pa. 2000). See also Nicolai, 2007 WL 485990, at *1 ("A complaint can be substantially justified even if the presentation is ultimately unpersuasive."); In re Bulei, 2011 WL 3800121, at *6 (Bankr. D.S.C. 2011) ("If the creditor… acts in good faith, and has not been guilty of abusive practices… the court is permitted to deny judgment for… attorney's fees even though the debtor may ultimately prevail.").

Here, there was a nexus between the theory advanced and the facts alleged. Based upon Appellant's bankruptcy petition and admissions, it was reasonable to infer that she incurred debt while knowingly insolvent, without intending to repay.[1] This satisfies the *prima facie* standard for nondischargeability under 11 U.S.C. § 523(a)(2). The bankruptcy court recognized this, and held "I don't view [the complaint] as a bad faith effort."[2] Rather, it viewed the complaint as "a good faith pleading and a good faith defense to the motion [for fees]."[3]

The bankruptcy court also found that special circumstances precluded an award of fees under 11 U.S.C. § 523(d).[4] Specifically, it found that Appellant's use of advanced funds to pay

---

[1] See Section IA., *infra*.
[2] Def.'s Mot. Sum. Judg. Hrg. Transcr., 7:2.
[3] Def.'s Mot. Sum. Judg. Hrg. Transcr., 3:15.
[4] See Section IB., *infra*.

5

down her mortgage on the eve of bankruptcy suggested a scheme of "trading dollars" – "sparks" of a potential "conspiracy" [5] to fraudulently incur debt.  While this theory may not have ultimately succeeded, it was held to be reasonable.

### A. Evidence Suggested Appellant Incurred Debt While Knowingly Insolvent, Therefore There Was A Nexus to Nondischargeability Under 11 U.S.C. § 523(a)(2)(A)

11 U.S.C. § 523(a)(2)(A) excepts from discharge "any debt for money, property, services… obtained by false pretenses, a false representation, or actual fraud."

To meet this standard, a plaintiff must show: (1) the debtor made a false representation; (2) the debtor knew the representation was false at the time it was made; (3) the misrepresentation had been made with intent to deceive; (4) the misrepresentation was relied on by the creditor; and (5) the misrepresentation harmed the creditor.  Cruz v. Cohen, 185 B.R. 171, 177 (Bankr. D.N.J. 1992), *aff'd sub nom* 106 F.3d 52 (3d Cir. 1997), *aff'd* 523 U.S. 213 (1998).  See also Bank One Columbus v. McDonald, 177 B.R. 212, 215 (Bankr. E.D. Pa. 1994); Trump Plaza Associates v. Poskanzer, 143 B.R. 991, 999 (Bankr. D.N.J. 1992).

Courts have found the following factors relevant in analyzing a debtor's intent: "the length of time between the charges made and the filing of bankruptcy; whether or not an attorney has been consulted concerning the filing of bankruptcy before the charges are made; [the number and] the amount of the charges… the financial condition of the debtor at the time the charges are made… whether the charges were above the credit limit of the account;  [whether] the debtor [made] multiple charges on the same day; [w]hether or not the debtor was employed; [t]he debtor's prospects for employment; [the] financial sophistication of the debtor… [w]hether there was a sudden change in the debtor's buying habits, and whether the purchases were made for

---

[5]The bankruptcy court stated this in holding that fees under 11 U.S.C. § 523(d) were unwarranted. See Def.'s Mot. Sum. Judg. Hrg. Transcr., 2:13, 7:2.

6

luxuries or necessities."[6]  In re Cirineo, 110 B.R. 754, 758-59 (Bankr. E.D. Pa. 1990) *citing* In re Dougherty, 89 B.R. 840, 841-42 (Bankr. E.D. Cal. 1988).  See also In re Schroeder, 2006 WL 4452975 (Bankr. D.N.J. 2006).

These factors are instructive "[b]ecause fraud lurks in the shadows, [therefore] it must usually be brought to light by consideration of circumstantial evidence."  In re Etell, 188 F.3d 1141, 1145 (9th Cir. 1999).   See also In re Kong, 239 B.R. 815, 823 (9th Cir. B.A.P. 1999); In re Nicolai, 2007 WL 405851, at *3 (Bankr. D.N.J. 2007) ("[A] a debtor rarely, if ever, admits to acting with the intent to deceive.")

Rather than accept a bald assertion of intent to repay, a debtor's "[i]ntent to deceive may be inferred from the… circumstances, *including a reckless disregard for the truth*." Schroeder, 2006 WL 4452975, at *13 (emphasis added).  See also Household Card Services v. Vermillion 136 B.R. 225 (Bankr. W.D. Mo. 1992) ("The debtors' stated intent to repay is inconsequential in light of his… reckless disregard for his financial circumstances"); Morrison v. Amarillo, 555 F.3d 473, 482 (5th Cir. 2009) ("A judge may… infer an intent to deceive when [r]reckless disregard for the truth… produce[s] such an inference.") (Internal quotations omitted.)

Here, the evidence supported the theory that that Appellant incurred the debt through "false pretenses, a false representation, or actual fraud."  Appellant's shortfall of $1,252.00 in paying monthly expenses, as set forth in her bankruptcy petition, militated against any assertion that she intended to make the $1,300.00 monthly payments due on her substantial unsecured debt of $60,708.00.  Rather, it appeared that appellant merely incurred more debt than she could repay, something she either knew or chose to disregard.

---

[6] These factors were first articulated in In re Dougherty, 89 B.R. 840, 841-42 (Bankr. E.D. Cal. 1988), and are commonly referred to as the "Dougherty Factors."

7

Appellant claimed she intended to repay the debt by "selling [her] house for a profit." See Def.'s Sum. Judg. Mot., Mem., at p. 3. This was not credible, as her house was encumbered by mortgages far exceeding its value. Nor was this a minor miscalculation – the house was underwater by $70,000.00. It was reasonable to believe that, to be unaware of this, Appellant would have been acting with a reckless disregard for the truth, or even willful blindness.[7]

The Bankruptcy Court found that a reasonable person would have been believed this evidence demonstrated Appellant's lack of intent to repay. A nexus existed between this circumstantial evidence and the statutory requirements for a finding of nondischargeablity – the facts suggested a "reckless disregard" for financial reality, which under Schroeder is sufficient to find nondischargeability in the District of New Jersey. That the bankruptcy court found the complaint to be reasonable, though ultimately not successful, was not an abuse of discretion. Therefore, its holding should not be disturbed.

### B. Not Only Did The Bankruptcy Court Find The Complaint Substantially Justified, It Found Special Circumstances Also Precluded A Fee Award

11 U.S.C. § 523(d) states that "the court shall not award such costs and fees if special circumstances would make the award unjust."

Courts have held that "special circumstances exist where… the creditor has advanced a novel legal theory; or the debtor has unclean hands." McIvor, 1997 WL 749425, at *3. See also In re Melcher, 322 B.R. 1, 8 (Bankr. D. Dist. Col. 2005) (Holding that "[a]lthough… theory was ultimately rejected, the very novelty… and the fact that each of its elements had some plausibility, require[d] a finding that the plaintiff was substantially justified."); In re Woods, 69 B.R. 999, 1004 (Bankr. E.D.Pa. 1987).

---

[7] Nor could Appellant have credibly asserted that the house suddenly lost value. That real estate values have long been in decline has been widely known for several years. See, e.g.

8

Here, the Bankruptcy Court found special circumstances existed. It noted that Plaintiff advanced a novel theory: that Appellant engaged in a shell game by incurring dischargeable, unsecured cash advances. These were used to pay down her mortgage, thus decreasing liability on an exempt asset which Appellant stated in her petition would be retained.

The Bankruptcy Court held that:

> I give [Plaintiff] credit for trying to develop an argument on trading dollars… where someone borrowed $11,000.00 six months before or five months before consulting bankruptcy counsel, which is really the fact, and a statement in their petition saying they intended to keep the house. So, there were some sparks in there that weren't necessarily all debtor positive.
>
> \*   \*   \*
>
> [Plaintiff's] effort to collect… I don't view as a bad faith effort… I'm not going to discipline counsel for his zealous representation of his client where there are sparks.

Def.'s Mot. Sum. Judg. Hrg. Transcr. 2:13, 6:6, 7:2 (Oct. 11, 2011).

These special circumstances added yet another underpinning to the bankruptcy court's finding that fees under to 11 U.S.C. § 523(d) were unwarranted. Because this finding was supported by the evidence, it was not an abuse of discretion and should not be reversed.

### C. **Appellee's Pre-Filing Investigation Was Sufficient**

Appellee requested a 2004 examination, which Appellant failed to attend. However, merely conducting an examination under Fed.R.Bankr.P. 2004 is not in and of itself dispositive of the reasonableness of an objection to dischargeability. To the contrary, a "[d]ebtor's schedules and statement of financial affairs [may] set forth sufficient grounds for filing suit, particularly where [the] [d]ebtor was given an opportunity to explain any mitigating circumstances prior to the filing of the complaint, but failed to do so." AT&T Universal Card Corp. v. Duplante, 215 B.R. 444, 450 n. 17 (Bankr. App. 9th Cir. 1997).

An "objection to discharge may be reasonable, and thus substantially justified, even if grounded solely upon a [credit] cardholder's dilapidated financial condition at the time of the charges in question. Conversely, an issuer's actual fraud objection to discharge may be unreasonable despite the fact that an issuer showed up at the § 341 meeting and asked a question or conducted a half-hearted Rule 2004 examination." In re Way, 260 B.R. 291 (Bankr. M.D. Fla. 2000).

Appellant's assertion that Appellee did not conduct any pre-filing investigation prior to filing its claim is boldly disingenuous. Appellant acknowledged receiving a request for an examination under Fed.R.Bankr.P. 2004 in open court. See Def.'s Mot. Sum. Judg. Hrg. Transcr., 5:17 ("We received a request.")

Appellant failed to appear for this examination. Appellant did not object to the examination. Instead, Appellant sent Appellee a letter offering to settle the matter. See Def.'s Mot. Sum. Judg. Hrg. Transcr., 7:18.

Further, this letter stated that Appellant intended to pay the debt back with sale proceeds from her Western Avenue Property. The value of the Western Avenue Property was some $70,000.00 less than the mortgages encumbering it. Further, as the Bankruptcy Court observed, Appellant's bankruptcy petition stated that she intended to retain, not sell, the Western Avenue Property.

Therefore, Appellant offered nothing to counter Appellant's reasonable inference that she likely did not intend to repay the debt. This inference was drawn from all of the circumstantial evidence about Appellant's finances available to Appellee. Appellant's implausible explanation made the inference of fraudulent intent drawn from the evidence stronger. Therefore, the

holding of the Bankruptcy Court, that this argument was reasonable and substantially justified, was not an abuse of discretion.

## CONCLUSION

All of the evidence available to Appellee when it filed the Complaint reasonably supported a nexus with the legal theory that Defendant incurred the debt at issue without intending to pay it back. The Bankruptcy Court did not abuse its discretion in so holding. Appellant cannot complain that Appellee performed no investigation, when she herself stymied Appellee's attempt to conduct a Fed.R.Bankr.P. 2004 examination. Therefore, the Bankruptcy Court's holding should not be disturbed.

Dated: December 20, 2011

                                          Respectfully submitted,

                                          WEINSTEIN & RILEY, P.S.

                                          /S/   Kenneth S. Jannette_____
                                         By: KENNETH S. JANNETTE, ESQ.